UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INIDANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDGE MATERIALS LLC, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:23-cv-00160-JPH-MKK |
| | ) |
| v. | ) |
| | ) |
| STERLING CONCRETE EQUIPMENT, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES,
REQUEST FOR JURY TRIAL, AND COUNTERCLAIM**

Comes now, Defendant, Sterling Concrete Equipment, Inc., (hereinafter "Sterling") by counsel, and for its Answer to Plaintiff's Complaint, states the following:

**NATURE OF THE ACTION**

1. This case stems from Sterling's multiple material breaches of its contractual obligations to Edge. Among the core violations is Sterling's failure to deliver and install a Concrete Batch Plant System, and provide related equipment, work, and services, by the contractually specified mid-March 2022 deadline (the "Project"). Sterling never completed its agreed performance, and instead provided untimely, subpar work, causing Edge to incur substantial costs in an attempt to finally operationalize and use the System—a critical piece of Edge's business.

**ANSWER:** Sterling denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## PARTIES, JURISDICTION, AND VENUE

2. Edge is an Indiana domestic limited liability company created in 2021, and has its principal office address in Putnam County, Indiana.

**ANSWER:** **Sterling admits the allegations contained in paragraph 2 of Plaintiff's Complaint.**

3. On information and belief, Sterling is a corporation based in Ohio.

**ANSWER:** **Sterling admits that it is a corporation organized under the laws of Ohio in response to the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

4. The Court has subject matter jurisdiction over this action. The Court also has personal jurisdiction over the Parties. Among other reasons, the Project entailed installing a structure, and providing corresponding equipment and services, in Putnam County, Indiana. Also, the Parties agreed that the Contract "shall be governed by and construed under the laws of the State of Indiana, without regard to principles of conflicts of law," and the Parties memorialized their express "consent to exclusive personal jurisdiction and venue in the federal and state courts of the State of Indiana." (*See* Exhibit 1, at p. 3, § 19.)

**ANSWER:** **Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies the same.**

5. Venue is proper in Putnam County pursuant to Indiana Trial Rule 75.

**ANSWER:** **Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient**

knowledge or information admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

## FACTUAL BACKGROUND

6.     As of 2021, Sterling and Edge were negotiating Sterling's possible engagement to complete the Project.

**ANSWER:     Defendant denies the allegations contained within Paragraph 6 of Plaintiff's Complaint.**

7.     Edge and Sterling entered into an Agreement, which was fully executed on July 30, 2021, requiring Sterling to deliver and install a Concrete Batch Plant System ("System"), and otherwise provide equipment, work, and services related to the Project. A true and accurate copy of this Contract is attached as **Exhibit 1.**

**ANSWER:     Defendant denies that the Purchase Order, attached as Exhibit 1 to Plaintiff's Complaint, constitutes the contractual agreement between the parties, and denies the balance of Paragraph 7.**

8.     Critically, the Contract requires Sterling to deliver and complete performance—including delivery and installation of the agreed, fully operational System—by "Mid-March 2022." (*See* Ex. 1, at p. 1.)

**ANSWER:     Sterling denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

9.     The Contract expressly provides that "[t]ime is of the essence of this Order." (*Id.*, at p. 3, § 5.)

**ANSWER: Sterling denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

10. Edge's need for a fully operational System by mid-March was a main reason that Edge selected Sterling for the Project.

**ANSWER: Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.**

11. Sterling has always been aware that the timing of complete performance, including delivery of a fully operational System, has been critical, including so that Edge could put the System to use and take advantage of concrete business during accommodating weather in the spring and summer of 2022.

**ANSWER: Sterling denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.**

12. The Contract further states, "[i]f [Sterling] has reason to believe that performance will not be completed by the date provided in the Order, [Sterling] shall immediately give written notice setting forth the cause and extent of … anticipated delay to [Edge]." (*Id*., at p. 3, § 5.)

**ANSWER: Sterling denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.**

13. The Contract additionally provides that Edge "reserves the right at any time to make changes in," e.g., "the time of delivery." (*Id*., at p. 3, § 4.) "If any such change causes an increase or decrease in the cost or time required for performance of this Order, an equitable adjustment shall be made in the purchase price or delivery / completion schedule or both." (*Id*.)

**ANSWER: Sterling denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14. Section 16 of the Contract provides, "[Sterling] shall indemnify and save harmless [Edge], … from and against any claim, loss, damage or expense (including reasonable attorneys' fees), arising out of … Any losses or damages, including but not limited to incidental and consequential damages, to persons or property by reason of any defects in the Goods or Work, or breach by [Sterling] of any of its warranties, expressed or implied, or [Sterling's] failure timely to deliver/complete the Goods or Work hereunder." (*Id*., at p. 3, § 16.)

**ANSWER: Sterling denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.**

15. Edge took substantial action and incurred substantial expense in reliance on Sterling's agreed obligations on timeliness and otherwise. Examples of such actions and expenses included buying mixer trucks, hiring employees, installing utilities and foundations, among other incurred costs.

**ANSWER:    Defendant denies the allegations that seek to impose a time limit on its performance.  Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.**

16. Edge also had bid and won construction jobs for the spring and summer of 2022, based on the expectation that Sterling would complete the Project as promised. Edge was not able to perform these jobs as a result of Sterling's delay and breach of the Contract.

**ANSWER:    Defendant denies the allegations that it breached a contract.  Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.**

17. Sterling has committed multiple, material breaches of its Contract obligations, causing substantial damage to Edge.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Sterling failed to complete the required performance, including delivery and installation of a fully operational System, by the mid-March 2022 deadline.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Sterling also failed to provide the required notice regarding its untimely performance.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. For example, as of April 2022, Edge had been attempting to contact Sterling about Project delay, but had received no definitive response.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. It was not until April 2022, roughly a month after the Contract's deadline for Sterling's performance, that Edge learned that delivery would be delayed until mid-June.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. In April 2022, Edge sent Sterling written notice of Sterling's untimely performance and material breaches of the Contract.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

23. Edge's April 2022 correspondence also noted that Edge had already incurred significant costs relating to site work, staffing, truck deliveries, and many other issues, on the basis of Sterling's promised, agreed timing.

**ANSWER: Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24. Sterling nevertheless represented (incorrectly) that the System would soon be fully operational, undercutting potential mitigation efforts and causing even further damage to Edge.

**ANSWER: Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25. These accumulating, significant expenses included staffing, loan payments, utilities, to name but a few examples.

**ANSWER: Paragraph 25 of Plaintiff's Complaint makes no allegations against Defendant and therefore requires no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.**

26. Ultimately, Sterling not only failed to perform timely, but also failed to perform as agreed and specified, leaving Edge to incur additional expense dealing with multiple, outstanding issues with the plant, including major electrical issues as well as problems afflicting the steam valve, dump hopper, and conveyor idler alignment.

**ANSWER: Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. Edge was forced to engage third-party assistance in the effort to complete the System and Project.

**ANSWER:** **Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.**

28. Edge was finally able to start putting the System to use around late September 2022—on the brink of Indiana's winter—thanks to its efforts to mitigate significant, growing damage from Sterling's multiple material breaches.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

## COUNT I

### (Breach of Contract)

29. Edge incorporates by reference the allegations set forth in the paragraphs above.

**ANSWER:** **Defendant hereby restates and reiterates its responses to Paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein**

30. Edge and Sterling are parties to a valid and enforceable contract—i.e., the Contract.

**ANSWER:** **Defendant admits that Edge and Sterling are parties to a valid and enforceable contract, but deny that plaintiff has attached the valid contract to plaintiff's complaint. Defendant denies that "the Contract" as defined by Plaintiff is a valid and enforceable contract.**

31. As alleged above, Sterling materially breached the Contract in multiple, independent ways.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.**

32. At a minimum, Sterling has materially breached its obligations to deliver and complete performance, including, without limitation, providing the fully operational System, by

mid-March 2022; providing Edge the required, immediate written notice in connection with any delay; otherwise providing the agreed-upon System, as well as the equipment, work, and services related to the Project, in accordance with the Contract and Edge's needs and specifications; fulfilling the duties set forth in Section 16 of the Contract; among other material contractual violations.

**ANSWER: Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.**

33. Edge has substantially performed its duties under the Contract.

**ANSWER: Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.**

34. Edge has suffered significant damage, in an amount to be determined at trial, as a result of Sterling's breaches of the Contract.

**ANSWER: Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.**

**Wherefore**, Sterling Concrete Equipment, Inc., prays for judgment in its favor and against Edge Materials LLC, for its costs and expenses outlaid and expended herein, and for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.
2. "The Contract" attached at Edge's Exhibit A fails for want of consideration.
3. "The Contract" attached at Edge's Exhibit A fails because there was no meeting of minds.

4. "The Contract" attached at Edge's Exhibit A fails because the contract was formed the day before, on July 29, and partially performed by Edge Materials with payment of the 30% deposit.

5. Plaintiff incurred the risk or assumed the risk that serves as the basis for its alleged injuries and damages.

6. Plaintiff made the first material breach of contract by failing to pay in accordance with the terms of the July 29 Contract.

7. Plaintiff has failed to perform all conditions precedent to the contract; specifically, failed to pay for the equipment as agreed.

8. Plaintiff entered into a valid and enforceable contract on July 29, 2021, which plaintiff has not attached to the Complaint, and which may not be modified by Plaintiff's July 30, 2021 Purchase Order. The terms and conditions of the July 29, 2021 Contract governs the relationship of Edge Materials LLC and Sterling Concrete Equipment, Inc.

9. The timing of Defendant's performance is excused by operation of the July 29, 2021 Contract and Liddell Industries, who was supplying the plant, pushed back their deliveries.

10. Plaintiff's alleged damages, if any, were occasioned by Liddell Industries, over whom Defendant has no control.

11. Plaintiff has failed to mitigate its damages and recovery must be diminished in proportion to plaintiff's failure to mitigate. Specifically, Defendant assisted Plaintiff with finding a portable plant for rent and Plaintiff declined.

12. Plaintiff's alleged electrical damages, if any, were caused by the electrician that Plaintiff retained, and over whom Defendant has no control.

13. Plaintiff's claims fail on account of the doctrines of waiver, estoppel, unclean hands, impossibility in performance, laches, and accord and satisfaction.

14. Defendant is entitled to a set-off of all consideration provided to plaintiff or on plaintiff's behalf pursuant to legal and equitable principles of satisfaction, accord and satisfaction, and other related rules barring windfalls and double recovery.

**WHEREFORE,** Sterling Concrete Equipment, Inc., prays for judgment in its favor and against Edge Materials LLC, for its costs and expenses outlaid and expended herein, and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Logan C. Hughes*
Logan C. Hughes (#24953-53)
Joseph A. Zumpano (#37603-49)
REMINGER CO., L.P.A.
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-663-8570 / F: 317-228-0943
lhughes@reminger.com
jzumpano@reminger.com
*Counsel for Defendant*

## JURY DEMAND

Sterling Concrete Equipment, Inc., demands trial by jury on all issues triable by jury, pursuant to Fed. R. Civ. Pro. 38.

**WHEREFORE,** Sterling Concrete Equipment, Inc., prays for judgment in its favor and against Edge Materials LLC, for its costs and expenses outlaid and expended herein, and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Logan C. Hughes*
Logan C. Hughes (#24953-53)
Joseph A. Zumpano (#37603-49)
REMINGER CO., L.P.A.
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-663-8570 / F: 317-228-0943
lhughes@reminger.com
jzumpano@reminger.com
*Counsel for Defendant*

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Sterling Concrete Equipment, Inc. ("SCE"), by and through its undersigned counsel, for its Counterclaim against Edge Materials, LLC ("Edge Materials") states as follows:

### Count I – Breach of Contract

1. On July 29, 2021, SCE and Edge Materials entered into a contractual agreement in which SCE was to erect a Concrete Batch Plant owned and operated by Edge Materials (the "July 29 Contract"). A true and accurate copy of the July 29, 2021 Contract is hereto attached and incorporated as **Exhibit A.**

2. The July 29 Contract states that it shall "constitute the entire contract between [Edge Materials] and [SCE] with respect to the subject matter of this document." (Ex. A, pg. 12).

3. The July 29 Contract states that the laws of State of Ohio shall govern the agreement. (Ex. A, pg. 12.)

4. The July 29 Contract states that Edge Materials "expressly agrees that [the July 29 Contract] overrides any conflicting terms in any purchase order form or other form which [Edge Materials] may tender to [SCE]." (Ex. A, pg. 12.)

5. The July 29 Contract states that SCE "objects to and shall not be bound by any provision of [Edge Materials] purchase order, acknowledgement or other terms and conditions." (Ex. A, pg. 12.)

6. Pursuant to the July 29 Contract, Edge Materials agreed to pay SCE a total of $643,756.00.

7. The July 29 Contract required Edge Materials to pay an initial deposit consisting of 30% of the Contract's price. An additional 20% of the Contract price was to be due 60 days after the date of the July 29 Contract. A final payment of the remaining 50% of the July 29 Contract price would be due prior to the final shipment of equipment.

8. Edge Materials paid SCE the initial 30% deposit on the date of the July 29 Contract, totaling $181,468.

9. The following day, on July 30, 2021, Edge Materials provided SCE with a Purchase Order which stated a delivery date of "mid-March 2022."

10. However, pursuant to the terms of the July 29 Contract, which does not provide an estimated date of completion, the terms of the July 30 Purchase Order do not constitute terms of the Contract. SCE did not guarantee a date of delivery.

11. Pursuant to the July 29 Contract, SCE agreed to erect a Liddell Apache Stationary Concrete Batch Plant. Accordingly, SCE obtained the materials necessary to erect the plant from Liddell Industries, Inc.

12. In early 2022, SCE received notice from Liddell Industries that Liddell was having problems with its production and therefore was delaying deliveries necessary for SCE to erect Edge Materials' Plant.

13. SCE notified Edge Materials that Liddell Industries had delayed deliveries, rendering it unlikely that the project would be completed by March 2022.

14. SCE timely and substantially performed its obligations pursuant to the terms of the July 29 Contract.

15. Edge Materials received final delivery of an operational plant from SCE.

16. Edge Materials has breached the July 29 Contract by failing to pay SCE any amounts beyond the initial 30% down payment.

17. Pursuant the July 29 Contract, SCE issued Invoice No. 33384, dated August 15, 2022, in the amount of $298,115.50, to Edge Materials, which Edge Materials failed to pay. A true and accurate copy of the invoice is attached as **Exhibit B** and incorporated herein.

18. Pursuant the July 29 Contract, SCE issued Invoice No. 33418, dated September 29, 2022, in the amount of $38, 690.09, to Edge Materials, which Edge Materials failed to pay. A true and accurate copy of the invoice is attached as **Exhibit C** and incorporated herein.

19. Pursuant the July 29 Contract, SCE issued Invoice No. 33427, dated September 30, 2022, in the amount of $23,039.54, to Edge Materials, which Edge Materials failed to pay. A true and accurate copy of the invoice is attached as **Exhibit D** and incorporated herein.

20. Pursuant the July 29 Contract, SCE issued Invoice No. 33438, dated October 28, 2022, in the amount of $5,923.79, to Edge Materials, which Edge Materials failed to pay A true and accurate copy of the invoice is attached as **Exhibit E** and incorporated herein.

21. Edge Materials' account with SCE remains delinquent, with outstanding balances for payment of the equipment as reflected in the Invoices at Exhibits B - E. SCE has sustained damages on account of Edge Materials failure to pay in accordance with the July 29 Contract.

22. Edge Materials agreed to pay a service charge and interest on past due amounts owed under the July 29 Contract. (Ex. A, pg. 13 – 14.)

23. Edge Materials agreed to pay reasonable attorney's fees and costs in the event of a failure to pay in accordance with the July 29 Contract. (Ex. A, pg. 14.)

24. SCE has suffered significant damage, including consequential and incidental damages, in an amount to be determined at trial, as a result of Edge Materials breaches of the July 29 Contract.

**WHEREFORE**, Defendant/Counterclaim Plaintiff, Sterling Concrete Equipment, Inc., by counsel, respectfully requests the Court enter judgment in its favor and against Edge Materials, LLC, to award it damages arising from Edge Materials, LLC's breach of contract, and for pre-judgment interest, post-judgment interest, for the costs of this action, attorney's fees, and for all other just and proper relief.

Respectfully submitted,

 /s/ Logan C. Hughes
Logan C. Hughes, (24953-53)
Joseph A. Zumpano (37603-49)
REMINGER CO., L.P.A.
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-663-8570 / F: 317-228-0943
lhughes@reminger.com
jzumpano@reminger.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document has been filed electronically this 1st day of May, 2023 via the Court's Electronic Filing System and that notice of this filing will be provided to all counsel of record via the Court's Electronic Filing System and U.S. mail to:

Kendall Millard
Dylan A. Pittman
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Dylan.pittman@btlaw.com
Kendall.millard@btlaw.com
*Counsel for Plaintiff*

                                        */s/ Logan C. Hughes*
                                        Logan C. Hughes, (24953-53)
                                        REMINGER CO., L.P.A.