UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDGE MATERIALS, LLC, | ) |
| Plaintiff/Counter Defendant, | ) ) ) |
| v. | ) No. 2:23-cv-00160-JPH-MKK |
| STERLING CONCRETE EQUIPMENT, INC., | ) ) ) ) |
| Defendant/Counter Claimant. | ) ) |

**ORDER GRANTING MOTION TO EXCLUDE EXPERT TESTIMONY**

Edge Materials, LLC has filed a motion to exclude the expert testimony of Sterling Concrete Equipment, Inc.'s disclosed expert Rick Compton. Dkt. [80]. For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

Edge brought this case alleging that Sterling breached the parties' contract for the purchase and delivery of concrete for Edge's ready-mix concrete business. *See* dkt. 1-2. On the October 25, 2024 deadline for expert disclosures, Sterling disclosed an expert report from Rick Compton, "the operations manager for Anderson Concrete, which is the largest read-mix concrete distributor in Columbus, Ohio." Dkt. 80-1; dkt. 80-2.

Mr. Compton's report listed six opinions:

- There was a national global cement shortage in 2022 and 2023.

1

- In the Ready-Mix concrete industry, a company must make their commitment to purchase a certain level of cement from a certain supplier by January 1.

- It is difficult for ready-mix producers under 100,000 cubic yards a year to reliably access cement. This is because cement producers make commitments to larger ready-mix purchasers.

- In 2021, 2022, and 2023 it was challenging for ready-mix companies to access new concrete batch plants, due to COVID- labor and supply chain shortages.

- It is standard in the ready-mix concrete industry that new concrete plants exhibit quirks on start-up. It is commonplace for a new concrete batch plant to take weeks and sometimes longer to operate consistently.

- Access to a concrete batch plant, a reliable supply of cement, labor knowledgeable to operate a concrete batch plant, labor knowledgeable to operate a cement truck, hauling costs, and customer acquisition are barriers to entering the ready-mix concrete business that a company like Edge Materials would have faced. It is unreasonable to apply the average revenue and average profit & loss figures contained in the National Ready-Mixed Concrete Association's Performance Benchmarking Survey (2022 Data), as a prediction to a new start-up company entering the ready-mix industry.

Dkt. 80-2 at 1–2. The report offers no methodology that Mr. Compton used to reach his opinions. *See* dkt. 80-2. The report also said that "[a] list of documents Mr. Compton considered in forming his opinions is set forth in the Appendix to his expert report," but no Appendix was included, *see id.*, and Sterling did not provide one when Edge requested it, *see* dkt. 80-4. Mr. Compton did not sign the expert report. *See* dkt. 80-2.

Edge has filed a motion to exclude all expert testimony from Mr. Compton.  Dkt. 80.

## II.
## Rule 26(a)(2)(B) Expert Disclosure Standard

Federal Rule of Civil Procedure 26(a)(2) governs disclosure requirements for expert witnesses.  Under this rule, witnesses must provide an expert report if they are "retained or specially employed to provide expert testimony in the case" or if their "duties as the party's employee regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).  "Failure to comply with the disclosure requirements of Rule 26(a) results in automatic and mandatory exclusion of the proffered witness 'unless the failure was substantially justified or harmless.'" *Novak v. Board of Trustees of S. Ill. Univ.*, 777 F.3d 966, 972 (7th Cir. 2015) (quoting Fed. R. Civ. P. 37(c)(1)).

## III.
## Analysis

Edge argues that Mr. Compton's expert testimony must be excluded because his report does not comply with Rule 26(a)(2), and that the failure is not substantially justified or harmless.  Dkt. 81.  Sterling responds that any deficiencies are harmless.  Dkt. 82.

Sterling does not contest that its disclosure of Mr. Compton did not comply with Rule 26(a)(2).  Dkt. 82.  The report is not signed by Mr. Compton, as Rule 26(a)(2)(B) requires.  *See* dkt. 80-2.  It also did not include the Appendix of the materials that Mr. Compton considered—despite the statement that one was attached—as Rule 26(a)(2)(B)(ii) requires.  *See* dkt. 80-2 at 3; dkt.

3

80-4. And the report does not contain "the basis and reasons" for the opinions, as Rule 26(a)(2)(B)(i) requires. *See* dkt. 80-2; *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("A complete report must include the substance of the testimony which an expert is expected to give on direct examination together with the reasons therefor. . . . Expert reports must not be sketchy, vague, or preliminary in nature.").

"Failure to comply with the disclosure requirements of Rule 26(a) results in automatic and mandatory exclusion of the proffered witness 'unless the failure was substantially justified or harmless.'" *Novak*, 777 F.3d at 972 (quoting Fed. R. Civ. P. 37(c)(1)). The Seventh Circuit has identified four factors that "guide the district court's discretion" in evaluating harmlessness: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011).

Here, all four factors support exclusion. As in *Novak*, Sterling's "initial disclosure failed to comply with *almost every* requirement of Rule 26(a)(2)(B)." 777 F.3d at 972. The Seventh Circuit has never indicated "that a district court can, or should, allow parties to make late attempts at remedying a disclosure that is in almost complete noncompliance with Rule 26(a)." *Id.* Moreover, when Sterling made its disclosure in October 2024, Edge pointed out some of the deficiencies and invited Sterling to correct them. Dkt. 80-4; *Ciomber v.*

4

*Cooperative Plus*, 527 F.3d 635, 643 (7th Cir. 2008) (affirming the exclusion of expert testimony when "no amended expert report was ever disclosed . . . even though [the opposing party] highlighted the report's deficiencies"). But Sterling did not take that opportunity to try again while the parties' summary-judgment motions were pending and while prejudice to Edge might have been avoidable. *See Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 752 (7th Cir. 2005) (explaining that prejudice can be "minimal" when there are months available for the other side to catch up).

Now, summary judgment has been resolved and this case must proceed to trial. It would therefore prejudice Edge to force it to delay resolution of its claims because of Sterling's deficient expert disclosure. *See Novak*, 777 F.3d at 973–74; *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010) ("The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response.").

In short, Sterling's expert disclosure of Mr. Compton was deficient and was not harmless, so its exclusion is "automatic and mandatory." *Novak*, 777 F.3d at 972.

## IV.
## Conclusion

Edge's motion to exclude expert testimony is **GRANTED**. Dkt. [80].

**SO ORDERED.**

Date: 9/30/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel